JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN DALE DICKINSON<br><br>       Cross-Plaintiff/Appellant,<br><br>       v.<br><br>GOLDEN RAIN FOUNDATION OF LAGUNA WOODS<br><br>       Cross-Defendant/Appellee. | Case No. 8:22-cv-01452-SPG<br><br>**ORDER DENYING APPELLANT'S APPEAL FROM BANKRUPTCY COURT's 4/22/22 ORDER GRANTING MOTION TO STRIKE** |

      This matter is on appeal from the United States Bankruptcy Courts for the Central District of California. Appellant Alan Dale Dickinson ("Appellant") appeals the Bankruptcy Court's order dated April 22, 2022 (the "April 2022 Order"), granting Golden Rain Foundation of Laguna Wood's ("Appellee") motion to strike Appellant's first amended complaint. (ECF No. 14 ("App.")).[1] After reading and considering the papers

---

[1] The notice of appeal in the present case states that Appellant is appealing from the order of the Bankruptcy Court dated April 22, 2022. (ECF No. 1 at 2). Appellant has filed a separate appeal from the Bankruptcy Court's July 21, 2022, order awarding attorney's fees and costs to Appellee and its attorneys. *See In re Alan Dale Dickinson*, Case No. 8:22-cv-01397-SPG, ECF No. 1 at 3. Thus, although Appellant makes some arguments regarding

filed in connection with this appeal, and for the reasons discussed below, the Court AFFIRMS the Bankruptcy Court's April 2022 Order.

## I.   BACKGROUND

### A.   Factual Background

The following facts are taken from the record in the United States Bankruptcy Court proceedings, as found in the filed appendices of the parties:

On February 25, 2021, Appellant filed in the United States Bankruptcy Court for the Central District of California a voluntary petition under chapter 13 of the United States Bankruptcy Code, which was converted on May 14, 2021, to a petition under chapter 7 of the Code. (ECF No. 19 at 268). Golden Rain Foundation of Laguna Woods ("Appellee") filed a complaint against Appellant seeking a determination of nondischargeability under Title 11, United States Code, Section 523(a)(6) on June 18, 2021. (*Id.*). On July 1, 2021, Appellee amended its complaint to include a claim for objection of discharge under Section 727(a)(4)(A). (*Id.*). Appellant filed an answer to the amended complaint and a cross-complaint, which was later amended on August 25, 2021. (*Id.* at 4-21, 268). The cross-complaint contained claims for relief for elder abuse, defamation, libel, slander, intentional infliction of emotional distress, intentional infliction of physical distress, negligence infliction of emotional distress, negligent infliction of physical distress, and willful and malicious injury. (*Id.*). On September 30, 2021, Appellee filed a motion to strike the cross-complaint pursuant to California's anti-strategic lawsuit against public participation statute, Cal. Code Civ. Proc. § 425.16 ("anti-SLAPP"). (*Id.* at 25-44, 268).

On April 22, 2022, the Bankruptcy Court granted Appellee's motion to strike Appellant's cross-complaint (the "April 2022 Order"). (*Id.* at 268). In doing so, the Bankruptcy Court explained that "[t]here is long-standing authority in the Ninth Circuit for the application of California's anti-SLAPP law in federal court so long as the claims are

---

the July 21, 2022, order in his briefs filed in the present appeal, the Court declines to address those arguments here and, instead, will address them in the related appeal.

pendant state law claims and do not involve federal claims for relief." (*Id.* at 270 (citing *United States ex rel Newsham v. Lockheeed Missiles & Space*, 190 F.3d 963 (9th Cir. 1999); *Planned Parenthood Fed. of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828 (9th Cir. 2018), *amended by* 897 F.3d 1224 (9th Cir. 2018); *Restaino v. Bah (In re Bah)*, 321 B.R. 41, 46 (9th Cir. BAP 2005)). The Bankruptcy Court then concluded that, because Appellant's cross-complaint explicitly stated that all of his claims for relief arose out of California law, the claims were subject to California's anti-SLAPP statute. (*Id.* at 270-71). The Bankruptcy Court also found that Appellee had satisfied its burden of proof that the cross-complaint involved protected activity under California's anti-SLAPP statute. (*Id.* at 271-76). Additionally, the Bankruptcy Court concluded that Appellant had not met his burden of establishing a reasonable probability of success on the merits of his claim because Appellant failed to provide a sufficient legal or factual basis for any of his nine claims. (*Id.* at 276-84).

Thereafter, Appellee moved the Bankruptcy Court for an order awarding attorneys' fees and costs pursuant to California Code of Civil Procedure Section 425.16(c). (*Id.* at 289). In the motion, Appellee asserted that Appellant had "engaged in a pattern of bad faith, frivolous, meritless litigation against [Appellee], its volunteers, board members, employees, and attorneys. This has resulted in a total of zero dollars paid to [Appellant], or awarded to him by a court, a total of zero lawsuits wherein [Appellant's] cases have not been dismissed, either after a bench trial or well before, and a total of 8 judicial officers, in this court and throughout the California state system, who have been forced to waste countless hours of their precious time, dealing with [Appellant] and his meritless lawsuits." (*Id.* at 291). Appellee also argued that, as the prevailing party under California Code of Civil Procedure Section 425.16(c), the Court was obligated to award attorney's fees and costs to Appellee. (*Id.* at 292-93). Appellee explained that its counsel's senior partner billed a total of 26.6 hours working on the matter, "which were reasonable and necessary to the work defending against [Appellant's] cross-complaint," at a billing rate of $400 per hour, totaling $10,640.00 in legal fees. *See* (*id.* at 294-95). Appellee also explained that

one of counsel's associate attorneys spent a total of 65.8 hours working on the matter, "which were reasonabl[e] and necessary to the work defending against [Appellant's] cross-complaint," at a billing rate of $400 per hour, totaling $26,320.00. (*Id.*). Further, Appellee explained that it anticipated it would spend an additional three hours reviewing Appellant's opposition, three hours preparing the Reply to Appellant's opposition, and two hours to appear at the hearing on the motion and to review the court's ruling, for a total of eight hours at a billing rate of $400.00, totaling $3,200. (*Id.*). Thus, Appellee requested $40,160.00 in attorneys' fees from the Bankruptcy Court. (*Id.*). For these propositions, Appellee attached declarations for each of the attorneys who worked on the matter, along with records of their billable hours. *See* (*id.* at 299-332). Appellee also urged the court to compare its rates to the Laffey Matrix, which Appellee described as being "based on attorney rates in metropolitan Washington D.C. and Baltimore" because of "similarities in population, density, and competition among a large number of law firms" in Southern California. (*Id.* at 295). Appellee's counsel also filed similar motions, requesting $59,409.76 in fees and costs. *See* (*id.* at 395-96).

On July 21, 2022, the Bankruptcy Court granted both motions in full. (*Id.*). In doing so, the Court awarded Appellee $40,160 in fees, and Appellee's attorneys $58,555 in fees and $854 in costs, totaling $59,409.76. *See* (*id.*).

### B. Procedural History

On August 5, 2022, Appellant filed an appeal of the Bankruptcy Court's April 2022 Order in this Court. (ECF No. 1). In his opening brief, filed on September 6, 2022, Appellant primarily argues that the Bankruptcy Court improperly sustained the Appellee's anti-SLAPP motion because California's anti-SLAPP statute is inapplicable to the Bankruptcy Court. *See* (ECF No. 14 at 11). On November 16, 2022, Appellee filed its reply brief. (ECF No. 18). On August 18, 2022, Appellant filed his own reply brief. (ECF No. 20).

## II.  LEGAL STANDARD

"Findings of fact of the bankruptcy court are reviewed for clear error, and conclusions of law are reviewed de novo. Mixed questions of law and fact are reviewed de novo." *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 957 F.3d 990, 995 (9th Cir. 2020) (citations omitted). The bankruptcy court's "findings of fact are accorded considerable deference and are only clearly erroneous if [the reviewing court is] left with a definite and firm conviction a mistake has been committed." *Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re Nichols)*, 618 B.R. 1, 5 (9th Cir. B.A.P. 2020). This Court may affirm a decision on any basis supported by the record. *Id.*

## III.  DISCUSSION

Federal Rules of Bankruptcy Procedure 8002 requires a party to file a notice of appeal with the clerk within fourteen (14) "days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a); *see also* Fed. R. Bankr. P. 9021 ("A judgment or order is effective when entered under Rule 5003."). "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994). "A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c)(2).

As previously discussed, the Bankruptcy Court granted Appellee's motion to strike on April 22, 2022. Thus, Appellant had until approximately May 6, 2022, to file a notice of appeal challenging this determination. However, Appellant's notice of appeal was filed and entered on August 5, 2022. (ECF No. 1). Thus, Appellant's appeal of the April 2022 Order is untimely.

In its appeal, Appellant seemingly argues that his status as a *pro se* party, alone, justifies allowing the appeal notwithstanding its untimeliness. *See* (App. at 15). However,

Appellant's "*pro se* status[] in and of itself[] does not excuse the late filing of his notice of appeal." *In re Perez*, Case No.: 20-CV-2152 JLS (AHG), 2021 WL 1626322, at *2 (S.D. Cal. Apr. 27, 2021) (citing *In re Sattler*, 840 F. App'x 214, 215 (9th Cir. 2021)). For this reason, the Court dismisses Appellant's appeal as untimely.

## IV. CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court is AFFIRMED.

**IT IS SO ORDERED.**

Dated: March 16, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE